DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1907.

---

### William A. Perry et al., Trustees, v. United States School Furniture Company et al.

#### Gen. No 13,157.

1. PLEA—*effect of reply to, in chancery.* By taking issue upon a pure plea in chancery to the entire bill, the complainant admits the sufficiency of the plea, and if the plea is proved the bill must be dismissed.

2. REPLICATION—*what, in chancery, puts in issue.* A replication to a plea in chancery puts in issue the facts alleged in the plea, but not the mere legal conclusions therein stated.

3. CREDITOR'S BILL—*sufficiency of defense of illegal foundation for basic judgment.* The only question presented for review in this case is: did the chancellor err in finding that the pleas were proved? *Held,* that on the evidence the finding was correct and the bill was therefore properly dismissed.

Bill in chancery. Appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1906. Affirmed. Opinion filed June 14, 1907. Rehearing denied June 25, 1907.

ALDRICH & McAULEY, for appellants.

JOHN J. SYMES, for certain appellees; ALBERT H. MEADS, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

To the supplemental bill in this case the American

(1)

School Furniture Company, a defendant, filed an amended plea, and the defendants Holbrook and Burkart filed a joint amended plea. The pleas are practically identical, are pure pleas and go to the whole bill. The pleas were upon argument sustained and the complainant then filed to each a general replication. The cause was referred to a master to take and report the proofs with his conclusions. The master, by his report, found the facts put in issue, by the pleas in favor of the complainant. Upon the hearing, the exceptions of the defendants, who filed said pleas, to the report were sustained, the bill dismissed for want of equity and from that decree the complainants prosecute this appeal. The complainants in the supplemental bill are the trustees in insolvency of John Loughlin. The bill alleges that October 10, 1901, Loughlin recovered a judgment against the United States School Furniture Company in the Circuit Court of Cook county for $32,417.12 and costs; that an execution issued thereon had been returned *nulla bona;* that March 13, 1899, the officers and stockholders of said United States School Furniture Company organized said American School Furniture Company, and that the officers of said last mentioned corporation, including the defendants Holbrook and Burkart, acting at the same time as the officers of said United States Company without the knowledge or consent of Loughlin, transferred all of the assets of said United States Company to said American Company, with the intent to cheat, hinder and delay Loughlin in the collection of his debts from said American Company. The object and prayer of the bill is to reach the assets so transferred and subject the same to the payment of the judgment of Loughlin against said United States Company.

By replying to the pleas the complainants admitted their entire sufficiency, and the only question presented by this record is, did the chancellor err in finding that the pleas had been proved.

Each of said pleas, omitting the formal beginning and conclusions, is as follows:

"That in the months of January and February, A. D. 1892, and immediately following the organization of the United States School Furniture Company, principal defendant in the supplemental bill of complaint herein, John Loughlin, complainant in the original bill of complaint herein, was engaged in the business of the dealing in and the manufacture of school furniture and school supplies; that in the said months of January and February, A. D. 1892, the said John Loughlin and a large number of other dealers in and manufacturers of school furniture and school supplies, having factories and places of business in different states and parts of the United States, made and entered into an agreement at Chicago, in the County of Cook and State of Illinois, to and with each other and with the said United States School Furniture Company, by the terms of which said agreement they and each of them agreed to and with each other and with the said United States School Furniture Company, that they would sell and transfer to the said United States School Furniture Company the selling departments of their respective factories, offices and business establishments for the purpose of carrying out and effecting through and by the agency of said United States School Furniture Company a combination for the limiting and restricting of the manufacture and output of school furniture and school supplies at their respective factories and places of business and for the regulating and limiting of the sale and the regulating and fixing of the prices thereof in the State of Illinois and other states of the United States, which said agreement and combination were contrary to the provisions of the Act of the Legislature of Illinois entitled 'An Act to Provide for the Punishment of Persons, Co-partners and Corporations forming Pools, Trusts and Combines, and Mode of Procedure

and Rules of Evidence in such cases,' approved June 11, 1891, in force July 1, 1891.

That pursuant to the terms of said unlawful agreement and combination, the parties thereto, including the said John Loughlin, thereafter made and entered into separate contracts and agreements to and with the said United States School Furniture Company, by the terms of which said contract and agreements they and each of them undertook to transfer to said United States School Furniture Company the selling departments of their respective factories and places of business and to receive from said United States School Furniture Company in consideration of said transfer certain shares of capital stock of said company, said shares of stock to be issued to said parties, including said John Loughlin, in certain proportions then and there agreed upon between them, and that thereupon in pursuance of said contracts and agreements, and in furtherance of said unlawful agreement and combination, and as a part thereof, the said parties, including the said John Loughlin, did transfer to said United States School Furniture Company the selling departments of their respective factories and places of business and did receive from said United States School Furniture Company in consideration of said transfer certain shares of the capital stock of said company as aforesaid.

That thereafter the parties to said unlawful agreement and combination, including the said John Loughlin, became the holders of certain claims against said United States School Furniture Company, for moneys advanced and merchandise transferred to said company, said moneys and merchandise having been advanced and transferred to said company in further pursuance of said unlawful agreement and combination, and as a part thereof, for the purpose of carrying into effect the provisions and terms of said unlawful agreement and combination and the undertak-

ings therein of the parties thereto, including the said John Loughlin, to limit and restrict the manufacture and output of school furniture and supplies, and to regulate, limit and fix the sale and prices thereof in the State of Illinois and other states of the United States; that the said parties to said unlawful agreement and combination, including the said John Loughlin, by reason of their connection with said United States School Furniture Company, as officers and members of its board of directors, caused to be issued to themselves in payment of said claims certain bonds and other evidences of indebtedness executed by said United States School Furniture Company, which said bonds and evidences of indebtedness were thereafter by said United States School Furniture Company and by and with the consent of said parties to the said unlawful agreement and combination, including the said John Loughlin, extended and refunded and certain other bonds and evidences of indebtedness of said United States School Furniture Company issued to said parties, including said John Loughlin, in lieu thereof.

That the judgment recovered by said John Loughlin against said United States School Furniture Company and on which this proceeding is founded was recovered on bonds and evidences of indebtedness of said United States School Furniture Company issued to and held by said John Loughlin in payment of claims held by him against said company, as aforesaid, and in pursuance of said unlawful agreement and combination, and as a part thereof, and were by the provisions of the statute in such case made and provided absolutely void.

And these defendants further show that several months prior to the institution of the suit at law by said John Loughlin against said United States School Furniture Company, and in which the said judgment hereinbefore mentioned was recovered, the said

United States School Furniture Company had ceased doing business and had sold and transferred all of its property and assets to various transferees; that in said suit at law said United States School Furniture Company caused the facts above set forth to be pleaded by way of special defense, but at the trial of said cause it failed to produce any witnesses in support thereof and permitted judgment to go against it by default for the reason that it had parted with all of its property and its officers and directors considered that they had no interests to protect, which failure and omission on the part of said United States School Furniture Company to assert said defense constituted and was a fraud upon these defendants, and the judgment so entered constituted and was a fraud upon these defendants, all of which matters were well known to said John Loughlin.''

That the principal facts alleged in the pleas are true is clearly established by the proofs. Loughlin and other manufacturers of school furniture, in February, 1892, entered into contract with the United States Company, in the manner, for the purpose and with the intent alleged in the pleas. That the agreement and combination then formed was in violation of the Anti-trust Act of June 11, 1891, cannot be questioned. Among the proofs is the record of a judgment of ouster against said United States Company, rendered in the Circuit Court of Cook County December 23, 1896, in a proceeding in *quo warranto* brought by the attorney-general in behalf of the People against said corporation. The information was filed December 16, 1893, and alleges that some sixteen contracts, similar to the one entered into by Loughlin with said corporation, had been made with that corporation by different corporations, firms and individuals; that those contracts provided that the parties thereto, with the exception of said United States Company, should discontinue the business of selling or disposing of

school desks and supplies and should withdraw from the markets of the United States their school desks and supplies, and that their entire production should be sold and disposed of by said United States Company. The defendant demurred to the information and the demurrer was overruled March 30, 1895. June 8, 1895, the defendant filed a plea wherein it alleged that the agreements for the exclusive sale to the defendant of school desks and supplies set out in the information had expired or been cancelled, and the defendant disclaimed the power and privilege of continuing or making any such agreement in the manner and form as in said information alleged. The judgment of ouster was as follows:

"And now again come the said parties, by their respective counsel, and the defendant having filed its plea of disclaimer, it is therefore considered, ordered and adjudged by the court that the said agreement in said information alleged be abrogated, and that the said defendant do not hereafter exercise the power or privilege of making or continuing any such agreement in manner and form as alleged in the said information, but that the said defendant be and it is hereby absolutely and forever forejudged and excluded therefrom and from using or exercising such power or privilege."

Loughlin's judgment was recovered upon certain bonds of the United States Company dated February 1, 1897. These bonds were issued to him in renewal of other bonds then maturing, which bonds had been issued to him by said corporation for merchandise sold and money advanced to it by him under said agreement. The United States Company, before Loughlin's suit at law was instituted, transferred all of its assets and property to various transferees. Said corporation set up a defense to Loughlin's suit, by special plea, as alleged in the pleas in this case and at the trial, to prove the plea, offered in evidence the said contract between Loughlin and the defendant.

The plaintiff objected to its admission because its execution had not been proved, and defendant offering no proof of its execution, the contract was excluded and no other proof being offered in support of the plea, the court rendered judgment against the defendant. The pleas in this case cannot be held to allege that the defendant was defaulted for failure to appear or to plead, for they allege that the facts relied upon as a defense were pleaded. The default alleged in the plea was the failure to offer proof in support of the plea, and this failure was proved. As to the allegation that the defendant failed to offer such proof: "for the reason that it had parted with all of its property and its officers and directors considered that they had no interests to protect," if it can be considered as material, we think its proof may properly be inferred from the fact that said corporation had transferred all of its assets, and the fact that it failed to offer any proof.

The allegations that the failure of said United States Company to assert its defense to the suit at law: "constituted and was a fraud upon these defendants and the judgment so entered constituted and was a fraud upon these defendants" are but statements of legal conclusions and not of facts which were put in issue by the replication.

We think that the chancellor's finding that the pleas were proven by the evidence was proper, and the decree will therefore be affirmed.

*Affirmed.*