## Robert Carew, Appellant, v. Eli Miller, Trustee, and C. B. Munday, Appellees.

1. JUDGMENT, § 681*—*what is effect of special replication to plea of former adjudication.* Where plaintiff filed a special replication to a plea of former adjudication by a foreign court, filed in an equity case, he admitted the entire sufficiency of the plea, as his special replication seeking to avoid the effect of the adjudication was, under equity rules, treated as a general replication, and the only question then remaining was whether the chancellor erred in finding that the plea had been proved; and as complainant consented to a trial on the plea and offered in evidence the proceedings of such foreign court, he placed himself where he admitted the legal sufficiency of the plea and then offered in evidence the proof of the truth of the plea.

2. JUDGMENT, § 681*—*rule that special replications not permissible in chancery applied to special replication to plea of former adjudication.* The rule that special replications are not permissible in chancery and, if filed, can only be treated as general replications, applied, where complainant replied specially to a plea of former adjudication in an equity case, setting up matter in avoidance of the adjudication, and such replication was treated as a general one and as an admission of the legal sufficiency of the plea.

Appeal from the Circuit Court of Montgomery county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the October term, 1918. Affirmed. Opinion filed April 29, 1919. *Certiorari* denied by Supreme Court (making opinion final).

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

PAUL MCWILLIAMS and LANE, DRYER & BROWN, for appellant.

MILLER & McDAVID, for appellees.

MR. JUSTICE WAGGONER delivered the opinion of the court.

The appellant filed a bill in the circuit court of Montgomery county against the appellees for an accounting in which he alleges that he and the appellee, C. B. Munday, entered into a verbal contract of partnership in the year 1909, whereby appellant became the manager of 400 acres of farm land in Kossuth county, Iowa; that appellant went upon the land and managed it from January, 1909 to January, 1911; that he fenced the land, put in 6 miles of tile and rebuilt certain elevators; that he was to receive one-half of the increase in the value of the land, and the land was not to be sold until a satisfactory price could be obtained; that by agreement appellant left the farm in January, 1911; that in May, 1914, C. B. Munday made a contract of sale to one Joseph J. Sherman for $36,000; that the cost of the land was $18,800; that the difference of $17,200 was profit, to which appellant was entitled to the one-half thereof or $8,600 subject to a deduction of the one-half of the amounts expended for tile, stock and equipment, which when so deducted from $8,600 would leave $5,320 due him; that he also was entitled to one-half the value of certain stock which had been sold for $1,390, or $695 which added to $5,320 made the balance due him $6,015.

Appellant alleges that in 1914, appellee, C. B. Munday, was adjudged a bankrupt by the United States District Court for the Southern District of Illinois; that a composition of creditors was had and appellee, Eli Miller, appointed trustee under the composition;

that Eli Miller completed the contract of sale of the land to Joseph J. Sherman, and has in his hands $6,700 which appellant claims is not a part of the bankrupt's estate and was never in the hands of the trustee in bankruptcy.

On November 16, 1916, C. B. Munday filed an answer denying all the allegations of the bill except that he had been adjudged a bankrupt, and that there was a composition of creditors and Eli Miller appointed trustee. The answer avers that Robert Carew never claimed to have a partnership interest, but filed a claim with the referee in bankruptcy against C. B. Munday, and that such claim is still pending.

On November 20, 1916, Eli Miller, trustee, filed an answer substantially the same as that of C. B. Munday.

On July 28, 1917, Eli Miller, trustee, and C. B. Munday filed a plea alleging that in 1915, in the District Court of Kossuth county, Iowa, Joseph J. Sherman filed a bill against Eli Miller, trustee and C. B. Munday, in which suit Robert Carew filed an intervening petition charging that he was entitled to an undivided interest in the land in question; that his interest was one-half of the profits and that his equity was of the reasonable value of $8,500 and prayed that his interest be fixed by the court, and Joseph J. Sherman ordered to pay, out of the purchase price, the said sum of $8,500 to Robert Carew; that he prayed for relief in the same manner and for the same matters as he now prays in his present bill; that on January 10, 1916, the court found that Eli Miller, trustee, was entitled to the remainder of the proceeds of the sale due from Joseph J. Sherman, and that Robert Carew was not entitled to said proceeds, and it was decreed by the court that Joseph J. Sherman pay direct to Eli Miller, trustee, the remainder of the purchase price of the land, and that said decree and proceedings remain in full force.

To the foregoing plea, Robert Carew filed a special replication setting out the petition filed by Joseph J. Sherman, together with the order of the court, alleging that such order was entered in vacation, and setting out certain provisions of the statute of Iowa under which appellant claimed that the court had no power to enter such an order in vacation; also setting out other provisions of said statute, under which he claimed that his attorneys had no power to consent (as they had done) to the entry of such an order to his prejudice; and that such order was null and void for the reason that it had been entered in vacation without his consent. Two additional special replications were filed. The three replications cover thirty-six typewritten pages of the record. The appellees filed rejoinders to the replications, traversing the allegation that Robert Carew did not consent to a hearing in vacation, and concluding to the country. Robert Carew filed a special demurrer to the rejoinders.

The case came on for hearing on August 8, 1918, and a final decree was entered in the circuit court of Montgomery county, finding that C. B. Munday was adjudged a bankrupt on June 17, 1914; that he effected a compromise settlement with his creditors, which was confirmed by the United States District Court; that upon the approval of the composition, Eli Miller was appointed trustee, and that a deed was made to him by the Sangamon Loan & Trust Company, as the trustee in bankruptcy, together with a deed by C. B. Munday and others, conveying all the property to Eli Miller, trustee; that notes were issued to the composition creditors, and that under said proceedings in bankruptcy, the property in question was under the control of the United States District Court of the Southern District of Illinois, which court now has jurisdiction and control of the funds in the hands of Eli Miller, trustee; and it was adjudged that the

circuit court of Montgomery county does not have jurisdiction of the funds in the hands of Eli Miller, trustee, and cannot order an accounting for the reason that the said fund is under the control of the United States District Court.

As to the plea of former adjudication, the court found that Joseph J. Sherman filed a bill in the District Court of Kossuth county, Iowa; that Robert Carew filed an intervening petition setting out the same claim that he now presents, and that the said District Court entered an order adjudging that Eli Miller, trustee, was entitled to the proceeds of the sale due from Joseph J. Sherman, and that said order is in full force and effect. It was adjudged by the circuit court of Montgomery county that Robert Carew was barred by said former adjudication. The appellant, Robert Carew, has appealed from the decree of said circuit court.

The appellant made no objection to a plea being filed, after the appellees had answered, but consented to the procedure and participated therein by filing replications thereto and proceeding to a hearing thereon. By replying to the plea the appellant admitted its entire sufficiency, and the only question now presented is, did the chancellor err in finding that the plea had been proved. 16 Cyc. 296, note 30; *Perry v. United States School Furniture Co.,* 135 Ill. App. 1 (2).

Special replications are not permissible in chancery and, if filed, can only be treated as general replications. *Shaeffer v. Weed,* 8 Ill. 511 (512); *White v. Morrison,* 11 Ill. 361 (366). Therefore this case falls into a very narrow compass. The appellant consented to a trial on a plea of former adjudication by the Iowa State court. He admitted the entire legal sufficiency of that plea by filing replications to it, and staked the result on its falsity in fact. That this plea, as pleaded, is proved cannot be questioned, by appellant, as he of-

fered in evidence the proceedings in the Iowa court. Appellant placed himself where he admitted the legal sufficiency of the plea setting up a former adjudication in Iowa, and then offered in evidence the proof of the truth of the plea.

The decree of the circuit court is affirmed.

*Decree affirmed.*