### Jennie L. Hardinger, Appellee, v. E. B. Gaines, Appellant.

1. PLEADING, § 131*—*what is effect of filing replication.* By filing a replication to a plea, plaintiff admits that the plea is good in law and raises an issue on the facts alleged therein.

2. JUDGMENT, § 502*—*what matters are concluded by divorce decree.* Though the defendant wife in a divorce proceeding brought in a Minnesota court denies all the charges made in the bill and alleges that the husband is indebted to her in large sums for money loaned him by her and for money of hers converted by him, to which the husband replies denying indebtedness to her and setting up the statute of limitations, the fact that a decree is entered granting the husband a divorce and finding that the allegations in the husband's reply were true and that the wife's allegations as to the husband's indebtedness were untrue and that the wife is not entitled to any relief "in this action," such decree is not an

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

adjudication by the court upon promissory notes given by the husband to the wife while the marital relation still existed, so as to bar an action by the wife on such notes in Illinois, especially where one of such notes did not become due until long after the decree was entered, and the transcript of the record of the Minnesota decree was properly excluded.

3. DIVORCE, § 58*—*what may be included in decree.* The court has not jurisdiction in a divorce proceeding by a husband to pass upon the wife's contention that the husband is indebted to her for money loaned and for money of hers converted by him nor upon the reply thereto denying indebtedness and setting up the statute of limitations.

4. CONFLICT OF LAWS, § 14*—*what may be presumed as to foreign decree of divorce.* In the absence of proof it will be presumed that the limits on a court's jurisdiction in divorce proceedings are the same in Minnesota as in Illinois.

Appeal from the Circuit Court of Vermilion county; the Hon. AUGUSTUS A. PARTLOW, Judge, presiding. Heard in this court at the October term, 1919. Affirmed. Opinion filed April 27, 1920. *Certiorari* denied by Supreme Court (making opinion final).

STEPHENS & WICKS, for appellant.

O. M. JONES, for appellee.

MR. JUSTICE WAGGONER delivered the opinion of the court.

The declaration, filed in this case, consists of the common counts and a special count upon two promissory notes given by appellant to appellee, who at the time of the execution and delivery of such notes was his wife. Appellant filed a bill for divorce in the district court of Lyon county, Minnesota, to which an answer was filed denying all the charges therein contained in regard to any cause existing for a divorce; alleging that appellant was indebted to appellee for large sums of money paid out by her for him; for money loaned him and for the payment of which appellee held his notes; and for money belonging to

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

appellee converted by appellant to his own use. In such answer appellee asked that an accounting, between her husband and herself, be had and that all claims of appellee be fully determined, adjusted and settled. Appellant replied to the answer, denied being indebted in any way to his wife, and alleged that all the claims set forth in her answer were barred by the statute of limitations.

A decree was entered in the divorce suit finding that all the allegations in appellant's reply were true; that all the allegations of appellee's answer relating to indebtedness were untrue; that the court had jurisdiction of the subject-matter of the action and of the parties thereto; that appellant was entitled to judgment against appellee dissolving the marriage relation, granting a divorce, and that appellee was not entitled to any relief in that action.

To the declaration appellant filed a plea of general issue and a further plea alleging appellee ought not to maintain her action because she had heretofore impleaded him in the district court of Lyon county, Minnesota, in an action for divorce "for the nonperformance of the identical promises averred and mentioned in the said declaration filed herein," and afterwards by the consideration and judgment of said district court it was adjudged that the marriage relation between the plaintiff and defendant in said action be dissolved, and that appellee was not entitled to any relief in said action; that such decree was in full force and effect, not vacated, annulled or reversed, and concluding with a verification.

Appellee filed a replication to this plea alleging "it is not true that the matters involved in this case were adjudged by the court of Minnesota in any such manner as to constitute a bar or estoppel in this case," concluding to the country. Issue was joined on this plea. Evidence was heard on behalf of appellee, after which, as part of his case, appellant offered in evi-

dence a certified copy of the decree of such district court, properly authenticated under the provisions of an act of Congress, and on the objections of appellee interposed to its admission in evidence, (1) that it was immaterial because it did not show an adjudication of any matter in issue in this case, and (2) that there was no proof of the law of Minnesota as to whether a court in a divorce case had jurisdiction of a matter of that kind, the record was not admitted.

Judgment was rendered, in the circuit court, in favor of appellee for $2,000, and the only error argued is the refusal of the court to admit the record of the decree of the district court in evidence.

No demurrer was interposed to the plea, but appellee having filed a replication to it thereby admitted that the plea was good in law, and raised an issue on the facts alleged in it. *Garden City Sand Co. v. Christley*, 289 Ill. 617, 622; *Perry v. U. S. School Furniture Co.*, 135 Ill. App. 1.

The decree of the district court of Lyon county, Minnesota, as it appears from the transcript offered in evidence is as follows:

"It is ordered, adjudged and decreed, that the marriage relation and contract of plaintiff and defendant in this action, be and the same is hereby dissolved and the plaintiff and defendant be, and they are hereby, divorced from the bonds of matrimony, and that the defendant is not entitled to any relief *in this action.*"

So much of the decree as dissolved the contract of marriage and granted a divorce can, of course, have no possible bearing on the present case. The remaining portion "that the defendant is not entitled to any relief *in this action*" obviously does not amount to an adjudication, by the court, of the claims made by appellee in her declaration in this case. On the contrary it is a refusal by the district court of Lyon county, Minnesota, to take jurisdiction of the subject-

matter involved in the present case. A good reason for the refusal of the Minnesota court to take jurisdiction is apparent from the fact that the three thousand dollar note now sued on was not due until after the death of the father of appellant, who, the record shows, died in January, 1917. The Minnesota decree was entered December 4, 1906, and the note was therefore not due at the time of the entry of the decree. Further, in Illinois, a court in a divorce proceedings would not have jurisdiction of the matters set up in appellee's declaration. It is probable that the same is true as to the law in Minnesota. In the absence of proof, the presumption is that the law of a sister State is the same as that of Illinois. *Nehring v. Nehring,* 164 Ill. App. 527, 530. But, whatever the reason, it is plainly evident that the decree of the Minnesota court did not adjudicate the present claim made by appellee in this case. The trial court was right in refusing to admit the transcript of the record of the decree of the Minnesota court in evidence, for the reason that it was wholly immaterial and irrelevant, as it did not show an adjudication of the matters set up in appellee's declaration and did not prove or tend to prove the appellant's plea.

The judgment of the circuit court was right and is affirmed.

*Judgment affirmed.*