# Fred R. Bell, Appellant, v. H. R. McDonald et al., Appellees.

1. PLEADING, § 200*—*what is effect of demurrer.* A plaintiff by failing to demur, and on the contrary filing a replication to special pleas in an action on a note, admitted the pleas to be good in law and raised an issue on the facts alleged, and therefore could not be heard to complain in the Appellate Court that neither of the pleas set forth a defense.

2. PLEADING, § 102*—*what is effect of special plea.* Where a case was tried twice on the theory that special pleas presented good defenses, and where instructions were given to both parties in reference thereto, and on the second trial it was stipulated that such pleas were to stand to the amended declaration, only questions of jurisdiction of the subject could subsequently be raised upon such pleas.

3. APPEAL AND ERROR, § 1710*—*when objections to pleas are waived.* Objections to written pleas, not enumerated among the points set up in a written motion for new trial, were waived.

4. EVIDENCE, § 265*—*when evidence based on memoranda is proper.* Where in an action on a note, defendant sought to show that the consideration for the notes had failed, and where plaintiff denied having had any such conversation, it was error to refuse to permit the telephone operator, who took calls during that month and made memoranda thereof, to answer a question as to whether from an examination of her memoranda and accounts, plaintiff called defendant during the said month.

5. EVIDENCE, § 265*—*what evidence based on private memoranda is proper.* Objection to the introduction of memoranda of telephone accounts, in an action on a note, was improperly sustained, where the attorney merely stated "they are objected to," where such memoranda were relevant on the question whether plaintiff received notice before maturity as to defenses, and were competent because the witness had identified them as being in her handwriting and correct.

Appeal from the Circuit Court of Vermilion county; the Hon. JOHN H. MARSHALL, Judge, presiding. Heard in this court at the April term, 1920. Reversed and remanded. Opinion filed October 27, 1920.

M. F. KEEGAN and WALTER T. GUNN, for appellant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
     Vol. CCXIX 38

ACTON & ACTON and J. M. BOYLE, for appellees.

MR. PRESIDING JUSTICE WAGGONER delivered the opinion of the court.

At the October term, 1915, of the circuit court of Vermilion county, appellant took judgment by confession against appellee H. R. McDonald on two judgment notes, each for the principal sum of $1,400, bearing interest at the rate of seven per cent per annum, dated May 27, 1915, due in five and six months, respectively, after date. The notes were executed by H. R. McDonald, payable to the order of Pioneer Stock Powder Company, and were indorsed by such company together with A. G. Litson.

An order was afterwards entered, by the court, opening the judgment and giving leave to file pleas. In pursuance of such leave appellee H. R. McDonald filed pleas of the general issue, breach of warranty, failure of consideration and want of consideration. Replications were filed to the special pleas and issues were joined thereon. The case was tried before a jury, which returned a verdict in favor of appellee H. R. McDonald. Judgment was rendered on the verdict. Fred R. Bell brought the case, by appeal, to the April term of this court, and such judgment was reversed and the cause remanded.

After the case had been redocketed, in the circuit court, an amended declaration was filed in which Pioneer Stock Powder Company and A. G. Litson were made defendants; the plea of general issue was withdrawn, and by agreement of parties the special pleas, replications and rejoinders at that time on file were "to stand to the amended declaration." The additional defendants were defaulted and a second trial of the case had, which resulted in a judgment in favor of H. R. McDonald.

Appellant claims that the second judgment should be reversed for the reasons, (1) that neither of the

special pleas set forth a defense; (2) that the court erred in excluding evidence offered for the purpose of showing that appellant had no telephone conversation, in reference to the notes, with appellee H. R. McDonald, and (3) that the verdict is against the weight of the evidence.

Appellant did not demur to either of the special pleas and thereby give the trial judge an opportunity to pass upon their sufficiency in law, but filed replications thereto, and by so doing admitted the pleas to be good in law and raised an issue on the facts alleged. *Garden City Sand Co. v. Christley*, 289 Ill. 617, 622.

Furthermore, this case has been twice tried in the circuit court, and once in this court, on the theory that such pleas presented good defenses, instructions were given, by both parties, in reference thereto, and on the second trial it was stipulated, as above stated, that the special pleas were to stand to the amended declaration. Where parties agree that pleadings are sufficient they cannot afterwards raise any question upon them except the question of jurisdiction of the subject. *Farmers' Loan & Trust Co. v. Canada & St. L. R. Co.*, 127 Ind. 250, 11 L. R. A. 740, 741.

No reference is made to the pleas in appellant's written motion for a new trial nor in the assignment of errors upon the record, but their sufficiency is questioned for the first time in the statement of points relied upon for a reversal of the judgment. Where a party files a written motion for a new trial he will be held to have waived all causes therefor not set forth in the written motion. *Erikson v. Ward*, 266 Ill. 259, 266, and this court will only consider such matters as are assigned, as error, on the record.

We do not hold that the special pleas are good, but do hold that, for the reasons above indicated, the question of their sufficiency cannot be raised at this time.

Appellant paid $2,473.20 for the notes on August 24, 1915, before the maturity of either of them, and the de-

fenses sought to be proven, by appellee, would be of no avail unless appellant bought the notes with notice of the existence of the defenses set up in the special pleas, and the burden of proving such knowledge, on the part of appellant, was upon appellee H. R. McDonald. *Bemis v. Horner,* 165 Ill. 347.

Appellee testified that on August 10, 1915, a man called him over the telephone and said his name was Bell; that the only way he (appellee) had of knowing it was appellant was from what the man said and his voice; that it was the voice of Fred Bell; that he had never talked with Fred Bell over the telephone before and never had had any business transactions with him. Appellee further testified that he told the person to whom he talked, over the telephone, not to buy the notes unless he wanted to buy trouble; that the stock powder was no good and that the notes were not to be sold.

Appellant denied having had a conversation over the telephone with H. R. McDonald on August 10, 1915, or at any other time. His testimony, in reference to this matter, was directly opposed to that of H. R. McDonald. Any competent testimony offered in corroboration of either of these parties should have been admitted in order to enable the jury to correctly determine whether or not such conversation took place. If the conversation was had it was over a line of the Cadwallader Telephone Company and through an exchange at Pence, Indiana, where Lena Woody was the only telephone operator in charge of the switchboard and was also bookkeeper for the company, at that place, during August and September, 1915.

As such bookkeeper Lena Woody kept the accounts of Fred R. Bell, and the Bank of Pence in which he was cashier, with the Cadwallader Telephone Company. She was called as a witness in behalf of appellant and testified that she had no recollection in reference to any telephone call having been made by appel-

lant on the date in question. She was then shown statements of the accounts of the Bank of Pence and Fred R. Bell, with the Cadwallader Telephone Company for the months of July, August and September, 1915, which did not show a telephone call, on either account, on August 10, or at any time to H. R. McDonald. She testified that the accounts were correct and that she made them from tickets made when calls were made. She was also shown the account of the same parties in a book of the telephone company and then asked from an examination of the books and statements, above referred to, whether or not Fred R. Bell called H. R. McDonald over the telephone during the month of August, 1915. Appellee objected to the question on the grounds that "she had not refreshed her recollection from those tickets made at the time," and the court says: "No, they are not memorandums made at the time. The objection is sustained." The objection interposed was not well taken. If appellant made no call on August 10, 1915, what memorandum would have been made? There is no claim made, or any evidence to indicate, that any memorandums were made on August 10, in reference to which either party had any connection. If no other objection was interposed the evidence should have been admitted.

This witness was called, not for the purpose of showing that a telephone call was made, in which event there would be some memorandum of it, but in an effort to establish, as being a fact, that no call was made and in that way to corroborate the testimony of appellant.

After the ruling of the court in sustaining the objections to the question asked this witness, appellant offered in evidence the accounts of himself and the Bank of Pence with the Cadwallader Telephone Company for the months of July, August and September, 1915, which do not show a call made to H. R. McDonald. The only objection interposed was the statement of an attorney for appellee that "they are objected to," and

such objection was sustained. By this general objection relevance and competency of the evidence offered were all that was challenged. It was relevant to the determination of the question in dispute as tending to support appellant in his contention that he bought the notes in question without notice of the defense set up in the special pleas, and competent, as the witness testified that the entries in the book and on the statements were in her handwriting and were correct.

The court erred in sustaining the objections made to the admission of this evidence and the judgment rendered must be reversed.

*Reversed and remanded.*