## Fred R. Bell, Appellant, v. H. R. McDonald et al., Appellees.

1. NEGOTIABLE INSTRUMENTS—*when indorsee has burden of proving that he is holder in due course.* In an action on promissory notes by an indorsee against the maker, the burden of proof that he is a holder of the notes in due course before maturity for a valuable consideration and without notice rests and remains on plaintiff, where defendant pleads failure of consideration and plaintiff alleges in his replication that he is holder in good faith.

2. EVIDENCE—*admissibility of telephone conversation to charge indorsee with notice of infirmity.* In an action by an indorsee to enforce promissory notes for which defendant claims the consideration has failed, it is not error to permit the defendant to testify that prior to purchase of the notes by plaintiff a man representing himself to be plaintiff telephoned to defendant requesting information as to the notes and that he was told by defendant that the consideration therefor had failed, where defendant testifies that although he had never talked to plaintiff over the telephone prior to the conversation in question, he had known him for many years and was familiar with his voice and that he recognized his voice in the telephone conversation.

Appeal by plaintiff from the Circuit Court of Vermilion county; the Hon. WALTER BREWER, Judge, presiding. Heard in this court at the April term, 1922. Affirmed. Opinion filed October 25, 1922. Modified and refiled November 16, 1922.

M. F. KEEGAN and GUNN & PLATT, for appellant.

ACTON, ACTON & SNYDER and JOHN M. BOYLE, for appellees.

MR. JUSTICE HEARD delivered the opinion of the court.

This suit is brought to recover upon two promissory notes, each signed by McDonald, and payable to the order of the Pioneer Stock Powder Company, and by it indorsed to appellee, the maker, payee and the president of the company being joined as defendants. The Pioneer Stock Powder Company and A. G. Lit-

son, the president, defaulted and judgment was entered against them in favor of plaintiff for $4,260.32, and as the result of a trial at the same time judgment was entered in favor of the defendant H. R. McDonald against appellant for costs, from which judgment the present appeal was taken. Two former appeals in this case are reported in *Bell v. McDonald,* 212 Ill. App. 632 and 219 Ill. App. 593.

Appellee McDonald filed two special pleas to appellant's declaration, the first being a plea of want of consideration and the second being a plea of failure of consideration.

To both of these pleas the plaintiff filed replications, denying knowledge or notice of any agreement of McDonald with the Pioneer Stock Powder Company, or any knowledge of the want or failure of consideration and alleging that he purchased said notes for a good and valuable consideration before maturity, in good faith, and was, at the time of bringing said suit, a bona fide holder thereof for value and put himself upon the country. Issue was joined thereon which issue was the only one submitted to the jury.

Upon the trial the court held and instructed the jury that the burden of proof under this issue was upon appellant and the action of the court is assigned as error. Section 52 of the Negotiable Instruments Act [Cahill's Ill. St. ch. 98, ¶ 72] provides: "A holder in due course is a holder who has taken the instrument under the following conditions: 1. That the instrument is complete and regular upon its face. 2. That he became the holder of it before it was overdue, and without notice that it has been previously dishonored, if such was the fact. 3. That he took it in good faith and for value. 4. That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

Section 59 of the same Act [Cahill's Ill. St. ch. 98,

¶ 79] provides: "Every holder is deemed prima facie to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course."

In *Egbers v. Egbers,* 177 Ill. 82, the court said: "The term 'burden of proof' has two distinct meanings. By one is meant the duty of establishing the truth of a given proposition or issue by such a *quantum* of evidence as the law demands in the case in which the issue arises; by the other is meant the duty of producing evidence at the beginning or at any subsequent stage of the trial, in order to make or meet a prima facie case. Generally speaking, the burden of proof, in the sense of the duty of producing evidence, passes from party to party as the case progresses, while the burden of proof, meaning the obligation to establish the truth of the claim by a preponderance of evidence, rests throughout upon the party asserting the affirmative of the issue, and unless he meets this obligation upon the whole case he fails. This burden of proof does not shift during the course of the trial but remains with him to the end."

In *Donovan v. St. Joseph's Home,* 295 Ill. 125, it is said: "The term 'burden of proof' is used with different meanings. In one sense the term expresses the burden of the party who has the affirmative of the issue and must ultimately establish such affirmative, but in another sense the terms expresses the duty of the party to offer evidence at any particular stage in order to prevent an adverse judgment. The duty is cast upon the party against whom the decision would be if no further evidence were offered."

In the present case, when appellant introduced evidence showing that he was the holder of the notes, he was deemed prima facie the holder of the notes in due course and the burden of proof, i. e., the burden

of producing evidence to meet the prima facie case, passed to appellee, but the burden of proof, i. e., the duty of establishing the truth of the affirmative allegations of appellant's replications that he was a holder in due course, did not shift but remained upon appellant to the end of the trial.

Appellant contends that the court erred in admitting evidence of an alleged telephone conversation between appellant and appellee McDonald. McDonald testified that on August 10, 1915, before the notes were purchased by appellant, a man representing himself to be appellant called him up on the telephone and said that they wanted to sell the notes to him, and that he replied and told them that both the notes were given as collateral and not to be sold, and that if he bought the notes he would be buying trouble, that the notes were not to be paid, that the stock powder was no good whatever. Appellant denied he ever had a telephone conversation with McDonald.

McDonald testified that he recognized the voice as that of appellant, but on cross-examination said he had never talked to appellant over the telephone in his life, and never had any business with him and the only way he had of knowing it was appellant was from what he said over the telephone and his voice. McDonald testified that he had known appellant for about twenty years and was familiar with his voice. In view of the positive statement of appellee that he recognized appellant's voice, there was no error in admitting the telephone conversation. Its probative value was for the jury alone.

Other assignments of error are alleged but we are of the opinion that no reversible error is shown in the record.

The judgment is affirmed.

*Affirmed.*